OPINION
Defendant, Paul "Pete" Lewis, appeals from his convictions on six charges of Corruption Of A Minor, R.C. 2907.04, and the sentences imposed on those convictions.
Lewis was convicted after a trial by jury. The State's evidence, in the form of the testimony of the victim of the six offenses and several eyewitnesses to them, showed that Lewis had engaged in sexual intercourse with a minor female on six separate occasions. The victim and the eyewitnesses, who were also juveniles, testified that they were fearful that Lewis would harm them if they revealed his conduct. The eyewitnesses testified to threats that Lewis had made.
Lewis denied that he had engaged in any sexual conduct with the victim. He also denied making any threats. On cross-examination, Lewis was asked if he'd put a choke hold on one of the witnesses, Barry Hopkins. Lewis admitted that he had, but explained that it occurred while they were wrestling, which they often did, and that he was only copying conduct he saw on television.
Narrowing his focus, the prosecuting attorney next asked Lewis if he had ever pulled down his pants and placed his bare buttocks on Barry Hopkins' face. Lewis replied that he could not recall doing that, and would probably recall it if he had. The prosecuting attorney next asked Lewis if he remembered such an incident being videotaped. Lewis said that he had no such recollection.
After the defense had rested, the State advised the court that it would present rebuttal evidence in the form of a videotape that it would play for the jury. The tape depicts the Defendant wrestling with Barry Hopkins. Defense counsel, obviously surprised, objected that the tape was not proper rebuttal and should have been disclosed in discovery, whether it was offered to corroborate Barry Hopkins or to impeach Defendant Lewis. The State responded that it would offer the evidence to impeach Lewis, and that it was admissible for that purpose pursuant to Evid.R. 613(C). Further, though he had not disclosed the tape directly in discovery, the prosecutor argued that there was no violation of his discovery duties because the tape was mentioned in documents the Defendant was given.
The trial court overruled the Defendant's objections and admitted the videotape as rebuttal evidence which the State could offer to impeach Lewis' claim that he had not threatened or intimidated any of the juvenile witnesses who claimed to have witnessed his sexual conduct with the victim. The tape was then played for the jury.
The videotape, which was admitted as State's Exhibit 5, is approximately five minutes in length. It depicts a teenage male and an adult male wrestling about, on and off a couch and the floor. There is "hard rock" background music. The teenage male repeatedly grimaces and screams when the adult applies wrestling holds in an attempt to restrain him. The amateur photography lends a violent quality to the events shown. At one point, toward the end of the tape, the adult is shown unfastening his pants and pulling down his pants and underpants. He places his exposed buttocks on the teenager's upper body or head. As the two wrestle further, the adult throws the teenager to the couch and holds him down with his body, fully exposing the adult's buttocks to the camera. The wrestling ends shortly after when the teenager breaks and runs outside.
The court permitted Lewis to take the stand again after the tape was played, to explain the apparent inconsistency with his prior testimony. Lewis stated that he and Barry Hopkins had wrestled many times. He added that when he exposed his buttocks and placed them on Hopkins' head, he was again imitating a move he had seen a wrestler on television use.
The jury returned guilty verdicts on each of the six counts of Corruption Of A Minor with which Lewis was charged. He was convicted and was sentenced to serve six consecutive terms of imprisonment of fifteen months each. Lewis filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY ALLOWING THE STATE OF OHIO IN REBUTTAL TO PLAY A VIDEOCASSETTE TAPE.
 Pursuant to Crim.R. 16(B)(1(c), tangible objects, including photographs or copies thereof, are discoverable. Upon the defendant's request, the prosecuting attorney must allow the defendant to inspect and copy such materials if they are material to the preparation of a defense, or are intended to be introduced by the prosecution as evidence or used in cross-examination. State v. Haddix (1994), 93 Ohio App.3d 470. If the materials are known to the prosecutor but are not in his possession, he satisfies the rule if the defense is informed of the existence of the object and its location. State v. Mitchell (1975), 47 Ohio App.2d 61. The prosecuting attorney fails in his duty if he makes no affirmative disclosure of such items, depending instead on defense counsel's ingenuity in learning what and where they are.
Rebuttal is confined to matters "which are first addressed in an opponent's case-in-chief and should not be brought out in the rebutting party's case-in-chief." Phung v. Waste Management, Inc.
(1994), 71 Ohio St.3d 408. 410. By its terms, Crim.R. 16(B)(1)(c) cannot include such evidence, and thus the Rule imposes no duty on the State to disclose it. However, evidence subject to disclosure per the Rule cannot be withheld by the State on the ploy of offering it in rebuttal. If it is admissible in the State's case-in-chief or in its cross-examination of the defendant or his witnesses, it is not proper rebuttal and must be excluded on the defendant's timely objection.
The videotape could have been offered in evidence by the State for two relevant purposes. One was to corroborate Barry Hopkins' claim that Lewis had intimidated him. Another was to impeach Lewis on his claim that he had not engaged in such conduct.
The videotape is a tangible object for purposes of Crim.R. 16(B)(1)(c). The State had a duty to permit the Defendant to inspect and copy it prior to trial if it intended to introduce the videotape to corroborate the testimony of Barry Hopkins, whom it presented as a witness in its case-in-chief. It had a like duty per the Rule should it intend to use the tape to cross-examine Defendant Lewis. That affirmative duty is not discharged because reference is made to the tangible object in other documents the State does provide.
Here, the State offered the videotape and its contents as evidence of prior conduct on Lewis' part that was inconsistent with his trial testimony for the purpose of impeaching his credibility. Such evidence is admissible per Evid.R. 613(C), which states:
 Prior inconsistent conduct. During examination of a witness, conduct of the witness inconsistent with the witness's testimony may be shown to impeach. If offered for the sole purpose of impeaching the witness's testimony, extrinsic evidence of the prior inconsistent conduct is admissible under the same circumstances as provided for prior inconsistent statements by Evid.R. 613(B)(2).
By its terms, Evid.R. 613(C) limits introduction of evidence for purposes of impeachment to cross-examination of the witness whose testimony may thus be impeached. It is not admissible for that purpose in rebuttal. Further, extrinsic evidence, that is, evidence of matters outside the operative facts of the criminal conduct charged, may be offered for that purpose only if the subject matter of the evidence is one identified by Evid.R. 613(B)(2). The wrestling which the tape depicts is evidence extrinsic to the criminal conduct with which Lewis was charged. None of the Evid.R. 613(B)(2) circumstances apply.
When he objected to the videotape, defense counsel argued that had he known of it he could have asked Lewis to explain his conduct when Lewis first testified. That was what the State contrived to avoid when it withheld the tape, anticipating the "bombshell" effect of its presentation to the jury in rebuttal before Lewis could explain his conduct. That is precisely the kind of discovery game that Crim.R. 16 is intended to avoid.
The trial court abused its discretion when it overruled Defendant's discovery objection, which would permit the court to exclude the videotape pursuant to Crim.R. 16(E)(3). The court also abused its discretion when it permitted the State to introduce the evidence in rebuttal per Evid.R. 613(B)(2), which confines such evidence to cross-examination.
We are not required to reverse on an abuse of discretion if we find that the error was harmless beyond a reasonable doubt. That is not possible here. Lewis was charged with Corruption Of A Minor, R.C. 2907.04, which prohibits an adult from recklessly engaging in sexual conduct with a person between thirteen and sixteen years of age. The videotape depicts a mature male baring his buttocks and placing them against the head of a teenage male, who cries and grimaces in the process. The scene has obvious sexual connotations that reinforce the State's charges, albeit ones that involved a female victim.
The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY CLASSIFYING APPELLANT A SEXUAL PREDATOR.
 The trial court found by clear and convincing evidence that Lewis is a sexual predator based upon the existence in this case of various factors set forth in R.C. 2950.09 (B)(2). Those factors were Lewis' age, 25-28, R.C. 2950.09(B)(2)(a); the victim's age, 13-15, R.C. 2950.09(B)(2)(e); Lewis' prior criminal record which includes a prison term for theft, R.C. 2950.09(B)(2)(b); the fact that the conduct giving rise to these offenses occurred over a two year period of time and demonstrates a pattern of abuse, R.C. 2950.09(B)(2)(h); and the fact that Lewis completed his prison term for his prior offense, R.C. 2950.09(B)(2)(f).
In this assignment of error Lewis complains that there are certain factors in R.C. 2950.09(B)(2) that the trial court failed to consider. For instance, whether the offense involved multiple victims, R.C. 2950.09(B)(2)(d); whether the offender used drugs or alcohol to impair the victim, R.C. 2950.09(B)(2)(e); whether the offender suffers from any mental illness, R.C. 2950.09(B)(2)(g); and whether during the offense the offender displayed or threatened cruelty, R.C. 2950.09(B)(2)(i).
In State v. White (November 5, 1999), Miami App. No. 98CA37, unreported, this Court held that the General Assembly cannot constitutionally require trial courts to consider any of the specific factors set forth in R.C. 2950.09(B)(2). Therefore, the court does not err if it fails to consider such matters. Moreover, Lewis neither demonstrates how or why those matters which he claims the trial court failed to consider preponderate against a finding that he is a sexual predator, nor does he argue that the sexual predator finding in this case is against the manifest weight of the evidence.
This assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY IMPOSING CONSECUTIVE SENTENCES.
In order to impose consecutive sentences for multiple offenses, the trial court must first make certain findings set out in R.C. 2929.14(E)(4):
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
After examining both the record of the sentencing proceedings and the trial court's judgment entry of conviction, we conclude that the trial court failed to make any of the findings required by R.C.2929.14(E)(4) prior to imposing consecutive sentences on Lewis. This assignment of error is sustained.
Having sustained the first and third assignments of error, the judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.
 ________________________ GRADY, P.J.
BROGAN, J. and FAIN, J., concur.